UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-22461-BLOOM/Valle

**SODIKART USA,**

    **Plaintiff,**

v.

**GEODIS WILSON USA, INC.,**

    **Defendant.**
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    This matter is before the Court upon Defendant Geodis Wilson USA, Inc.'s Motion to Dismiss, ECF No. [6]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **GRANTS** Defendant's Motion.

**I. INTRODUCTION AND BACKGROUND**

    The instant litigation arises out of Plaintiff Sodikart USA ("Plaintiff") utilization of Defendant Geodis Wilson USA's ("Defendant") freight services for the shipment of goods from France to Phoenix, Arizona in February, 2013. *See* ECF No. [1-1] at ¶¶ 6-7. At some point during the shipping process, the goods, as well as additional parts, were severely damaged, rendering the goods inoperable and resulting in a substantial monetary loss. *Id.* at ¶¶ 11-13. Prior to the loss, Plaintiff initiated a business relationship with Defendant that had been ongoing for a period of three years. *Id.* at ¶ 18. Notably, the Plaintiff contends that it represented to Defendant that the price for the shipment of each good would include complete insurance against any loss. *Id.* For three years, Plaintiff operated under the assumption that the millions of dollars

1

of goods shipped with Defendant were insured. *Id.* It was not until Plaintiff sought to file a claim based on this alleged insurance did it discover that this was not the case. *Id.* at ¶¶ 17-18. After notifying Defendant of the damage, Defendant asserted that no such insurance existed and it was otherwise not responsible for the loss suffered. *Id.* at ¶¶ 16-18.

Consequently, on June 5, 2014, Plaintiff filed the instant action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Count I), and bringing an additional claim for common-law fraud (Count II). *See* ECF No. [1]; ECF No. [1-1] at ¶¶ 19-34. Defendant then removed the case to this Court based on the Court's diversity jurisdiction on July 2, 2014. ECF No. [1]. Prior to the amendment deadline imposed by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff amended its Complaint, voluntarily dismissing Count II for common-law fraud, leaving only its claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* ECF No. [5].

However, this is not the first instance of this matter being presented in this Court. On July 23, 2013, prior to the initiation of the instant action, Plaintiff filed a complaint with this Court alleging a singular claim under the Carmack Amendment, 49 U.S.C. § 14706 (the "Prior Case"). *See Sodikart USA v. Geodis Wilson USA, Inc.*, No. 13-22626, ECF No. [1] (S.D. Fla. July 23, 2013) (Complaint). Although the Prior Case, which remains ongoing, states a different cause of action, the Defendant and factual allegations contained therein are identical to those found within the present Complaint. *Compare* ECF No. [1] *with Sodikart*, No. 13-22626, at ECF No. [1] (Complaint). Moreover, a review of the procedural posture of the Prior Case is warranted. On February 24, 2014, Plaintiff sought leave to amend its complaint in the Prior Case to add new claims against Defendant for fraud and punitive damages. *See Sodikart*, No. 13-

22626, at ECF No. [26] (Order on Appeal). Based on Plaintiff's representations, namely, that the parties had agreed to the amendment, the Honorable Judge William C. Turnoff, United States Magistrate Judge, granted the motion. *Id.* Shortly thereafter, Defendant appealed Judge Turnoff's decision on the grounds that it had never agreed to allow Plaintiff's amendment, accusing Plaintiff's counsel of deceiving the Court and "ambushing" the Defendant. *Id.* As a result, the Honorable Judge Kathleen M. Williams, the United States District Judge then assigned to the case, reversed Judge Turnoff's decision, disallowing Plaintiff's amendment as untimely and without consent of opposing counsel. *Id.* Subsequently, Plaintiff attempted to amend the Court's scheduling order so as to permit amendment. *See id.* at ECF No. [27]. In its motion to amend the scheduling order, Plaintiff asserted that it did not learn of the facts forming the basis of its fraud claim until four days prior to the initial amendment deadline. *Id.* In denying the motion, Judge Williams noted that Plaintiff could have nonetheless made a timely motion to amend the scheduling order upon learning of the additional facts. *Id.* at ECF No. [30]. Accordingly, Plaintiff was not permitted to amend the Prior Case's complaint, failing to diligently prosecute its claim. *See id.*

Save for one sentence, the fraud allegations contained within Plaintiff's failed amended complaint are identical to those in Plaintiff's Complaint herein. *Compare* ECF No. [1] *with Sodikart*, No. 13-22626, at ECF No. [18-1] (First Amended Complaint). Furthermore, Plaintiff's claim under FDUTPA merely incorporates the same exact factual assertions found in the complaint before the Court in the Prior Case. Defendant avers that the instant action is Plaintiff's attempt to circumvent their untimely amendment and Judge Williams' decisions in the Prior Case. *See* ECF No. [6]. Therefore, Defendant asserts that this litigation is barred by the doctrine of res judicata. *Id.*

## II. DISCUSSION

The doctrine of res judicata bars a subsequent action when the prior decision: (1) was rendered by a court of competent jurisdiction; (2) was a final judgment on the merits; (3) involved the same parties or their privies; and (4) involved the same causes of action. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). The bar does not require that the literal causes of action be identical, rather, it encompasses those claims that could have been raised previously. *Id*; *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). Therefore, a court focuses on whether the prior and present actions "arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate," such that the two cases are essentially the same "claim." *In re Piper*, 244 F.3d at 1297 (citation omitted).

It must be noted that Plaintiff does not directly dispute that any of the four conditions are not met. *See* ECF No. [10]. Instead, Plaintiff contends that a federal court exercising its diversity jurisdiction must apply state law. *Id.* According to Plaintiff, under Florida law, the cause of action must be identical for res judicata's bar to apply. *Id.* In support of this contention, Plaintiff directs the Court to *Harley v. Health Ctr. of Coconut Creek, Inc.*, 518 F. Supp. 2d 1364 (S.D. Fla. 2007), wherein the court stated that under Florida law, "if the cause of action is not the same, res judicata will not bar issues which could have been raised in the prior suit but were not." *Id.* at 1369. Plaintiff has misinterpreted the law in two regards.

First, a federal court sitting in diversity applies federal law governing res judicata when deciding whether to invoke the doctrine's preclusive effect to a prior *federal* court decision, such as the case here. *Empire Fire & Marine Ins. Co. v. J. Transp., Inc.*, 880 F.2d 1291, 1294 n.2 (11th Cir. 1989). In *Empire Fire*, the Eleventh Circuit noted that while some case law indicates

4

that a federal court exercising diversity jurisdiction is to apply the law of the state where it sits to determine the effect of res judicata, "this view is erroneous." *Id.*  It is true that the Court in *Harley*, a federal court sitting in diversity, applied Florida law pertaining to res judicata, that case is ultimately distinguishable.  In *Harley*, the Court noted that "[i]n determining the preclusive effect of a *state court* judgment on an ongoing federal proceeding, federal courts apply the state's law of preclusion." *Harley*, 518 F. Supp. 2d at 1368 (emphasis added).  Here, the Court is not presented with a situation where it is necessary to ascertain the impact of a state court judgment; the prior decision of concern originates from a federal court.  Hence, *Harley* is inapposite.  Second, Florida law does not require the causes of action to be duplicative; in fact, the Court in *Harley* noted that "[t]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions," not that the claims are brought under the exact same statute or theory of liability. *Id.* at 1369 (quoting *Atl. Shores Resort, LLC v. 507 S. St. Corp.*, 937 So. 2d 1239, 1243 n.3 (Fla. 3d DCA 2006)).

Therefore, the Court applies the federal interpretation of res judicata, which requires that a plaintiff's present claims could have been raised in the previous action due to the fact that they arise out of, or are based upon, the same factual predicate. *In re Piper*, 244 F.3d at 1297.  As previously noted, the factual circumstances giving rise to Plaintiff's claim in the instant case and the Prior Case are identical; no additional facts have been submitted.  The Court finds that res judicata exists as all four conditions have been met.

The Court takes pause only with respect the second requirement, that is, whether Judge Williams' repeated denial of Plaintiff's untimely attempts at amendment constitutes adjudication on the merits.  In *Hrabe v. Paul Revere Life Ins. Co.*, 76 F. Supp. 2d 1297 (M.D. Ala. 1999), the

5

Middle District of Alabama adopted the Eighth Circuit's reasoning in noting "that denial of leave to amend [a complaint] constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Id*. at 1301 (quoting *King v. Hoover Group, Inc.*, 958 F.2d 219 (8th Cir.1992)).  The logic contained therein is persuasive.  Plaintiff's amendment was deemed untimely and the mere addition of a claim will not somehow distinguish the present action from the Prior Case when both are based on the same exact set of facts.  As previously noted, Plaintiff's claims under the FDUTPA simply incorporate the same factual background present in the case at bar without adding any additional factual assertions that would lead the Court to believe that this is an entirely new cause of action; Plaintiff merely recites the elements necessary to state a claim under the FDUTPA devoid of further factual enhancement.  *Compare* ECF No. [1-1] at ¶¶ 19-25 *with Sodikart*, No. 13-22626, at ECF No. [1] (Complaint).  As the Middle District of Alabama noted in *Hrabe*,

> This is not a situation in which legal or procedural hurdles prevented the plaintiff from timely asserting its theory; rather, the plaintiff could have introduced the theory earlier but, for whatever reason, opted not to do so.  One who has a choice of more than one remedy for a given wrong may not assert them serially, in successive actions, but must advance all at once on pain of bar.  This rule applies equally to situations in which a claimant fails to raise an alternate theory in a timely fashion.

*Id.* at 1301-02 (quoting *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir.1994)) (internal formatting and quotation removed).  Plaintiff was fully apprised of any and all facts upon which it premises its claim under FDUTPA well before the instant litigation was filed.  Accordingly, the Court finds that Judge Williams' denial of Plaintiff's amendment in *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 13-22626, ECF No. [26] (S.D. Fla. Apr. 4, 2014) (Order on Appeal), constitutes a final judgment on the merits.  The doctrine of res judicata applies and Plaintiff is not entitled to a second bite of the apple where such claims should have

been brought in the previously-filed litigation but were not due to Plaintiff's own lack of diligence and timeliness. *See also Interstate Pipe Maint., Inc. v. FMC Corp.*, 775 F.2d 1495, 1496 (11th Cir. 1985) (holding that res judicata applied where the plaintiff conceded that the additional claims should have been brought in the previous litigation but were not because of untimely amendment). Plaintiff will be able to continue litigating their claim in the appropriate case, that being, the first-filed Prior Case.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant Geodis Wilson USA, Inc.'s Motion to Dismiss, **ECF No. [6]**, is hereby **GRANTED**. The Clerk is ordered to **CLOSE THIS CASE**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 8th day of August, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record